**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ANDREA PROCTER PAIGE**     *Plaintiff*, | § § § | |
| vs. | § § | No. 3:19-CV-319-PRM |
| **AM Hospice, Inc.,**     *Defendant*. | § § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On this day, the Court considered Defendant AM Hospice's "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b)" (ECF No. 5), filed on December 5, 2019, in the above-captioned cause, as well as Plaintiff's Response and claim for attorney's fees (ECF No. 6). Defendant's Motion was referred to this Court by the Honorable Philip R. Martinez pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C to the Local Rules of the Western District of Texas for proposed findings of fact and recommendations on April 30, 2020. (ECF No. 17.) For the reasons that follow, the Court recommends that Defendant's Motion be **DENIED**. The Court further recommends that Plaintiff's claim for Attorney's fees be **DENIED**.

### Background

On approximately July 29, 2019, Defendant "hire[d Plaintiff] as a Director of Nursing." (ECF No. 1:2.) On approximately August 12, 2019, "[Defendant] Employer AM Hospice Supervisor Norma Rodriguez receive[d Plaintiff's] report that her audit of [Defendant]'s patients reveals that [Defendant] is admitting patients who do not qualify for hospice care, and then fraudulently billing Medicare for the admitted patients who do not qualify." (*Id.*) At an unspecified time, Defendant "illegally harasse[d Plaintiff] for . . . her opposition [to] and [her] report[ing] of fraud." (*Id.*)

1

On approximately August 23, 2019, "AM Hospice Supervisor Rodriguez terminate[d Plaintiff]." (*Id.*)  Defendant "had given zero disciplinary notices/actions to [Plaintiff] at or before [Plaintiff's] termination of employment." (*Id.*)  On November 4, 2019, Plaintiff filed this lawsuit raising a retaliation claim under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h).  (ECF No. 1:3, 1-1:1.)

## Discussion

### I. Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In addition, a whistleblower complaint alleging fraud under the FCA ordinarily must meet the heightened pleading standard of Rule 9(b).  "The False Claims Act is the government's primary litigation tool for recovering losses sustained as the result of fraud."  *U.S. ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 388 (5th Cir. 2008).  "[T]he FCA imposes civil penalties and treble damages on any person who, inter alia, 'knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.'"  *United States ex rel. Steury v.*

*Cardinal Health, Inc.* ("*Steury I*"), 625 F.3d 262, 267 (5th Cir. 2010) (quoting 31 U.S.C. § 3729(a)(1)(B)).

## II. Analysis

As a preliminary matter, the Court notes that, although Defendant's briefing addressed a supposed fraud claim under the general provisions of the FCA (ECF No. 5:4-6), Plaintiff's Complaint raises no such claim (ECF No. 1), as Plaintiff admits in her Response. (ECF No. 6:4.) Therefore, the Court does not address Defendant's argument regarding any supposed fraud claim under the general provisions of the FCA, as no such claim exists in this case.

### a. Pleading standard for FCA retaliation claims

Section 3730(h) of the FCA contains a provision that aims to prevent retaliation against employees who come forward with knowledge of their employer's FCA violations. In her Complaint, Plaintiff alleges that Defendant committed retaliatory discharge in violation of this provision by terminating her employment as retaliation for her whistleblowing. (ECF No. 1:2.)

Defendant argues that the heightened pleading standard of Rule 9(b) applies to Plaintiff's complaint. (ECF No. 5:4.) Plaintiff argues that Rule 9(b) does not apply to retaliation claims under the FCA. (ECF No. 6:4.) The Honorable Kathleen Cardone addressed this question in 2012. *Guerrero v. Total Renal Care*, No. EP–11–CV–449, 2012 WL 899228, at *2 (W.D. Tex. Mar. 12, 2012). In *Guerrero*, Judge Cardone wrote:

> [T]he Court must decide whether a claim for retaliatory discharge under the FCA is subject to Rule 9(b)'s pleading standard, or whether Federal Rule of Civil Procedure 8's pleading standard governs such a claim. Rule 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In contrast, Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R .Civ .P. 8(a).
> The Fifth Circuit has held that claims brought under the FCA are subject to Rule 9(b)'s pleading standard; however, these cases did not involve retaliation claims. *See, e.g.*, *Cardinal Health*, Inc., 625 F.3d at 266; *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328-9 (5th Cir. 2003). As a result, the Fifth Circuit has not explicitly held that

3

> Rule 9(b) applies to retaliation claims made pursuant to §3730(h).  *See Thomas v. ITT Edu. Servs., Inc.*, No. 11-544, 2011 WL 3490081, at *3 (E.D. La. Aug. 10, 2011).
>
> Nevertheless, "[a]ll federal circuit courts of appeal that have faced this issue have reached the conclusion that 31 U.S.C. § 3730(h) claims need only 'meet the Rule 8(a) . . . standard.'"  *Id.*  These courts of appeal reasoned that because retaliation claims under the FCA are not dependant [sic] on allegations of fraud, Rule 9(b)'s heightened standard should not be applied.  [Citations.]
>
> The Court agrees that because claims under § 3730(h), at their core, address retaliation issues and not fraud, Rule 8 should govern. The Court therefore applies the Rule 8 pleading standard articulated in *Twombly* and *Ashcroft v. Iqbal* to Plaintiff's FCA retaliation claim.

*Id.* at 2-3.

The Court agrees with the reasoning in *Guerrero*.  As Plaintiff's claim arises under the FCA's retaliation provision, the Court therefore finds that the Rule 8 pleading standard should apply in considering Defendant's motion to dismiss.

  b. **Retaliatory discharge**

A whistleblower who brings or takes steps in furtherance of bringing a *qui tam*[1] lawsuit under the FCA is protected from being "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against . . . because of lawful acts done by the employee . . . in furtherance of an action under this section [the FCA.]" 31 U.S.C. § 3730(h).  In other words, this subdivision of the FCA provides "a private cause of action for an individual retaliated against by his employer for assisting an FCA investigation or proceeding." *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 412 (2005) ("*Graham Cnty.*"). To state a claim for retaliatory discharge under this subdivision, a plaintiff must show: 1) that the engaged in activity is protected under the statute; and 2) that her employer knew that she engaged in protected activity; and 3) that she was discharged because she engaged in this protected activity.

---

[1] A *qui tam* suit is a lawsuit brought by a private citizen on behalf of the government.  *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 21 F. Supp.2d 607, 609 (E.D. La. 1998).

4

*United States ex rel. Patton v. Shaw Servs., L.L.C.*, 418 F. App'x 366, 371-72 (5th Cir. 2011). Here, Defendant argues that Plaintiff failed to allege that she was engaged in a protected activity, and that Plaintiff failed to allege that Defendant knew she was engaged in protected activity. (ECF No. 5:7-8.)

### i. Protected Activity

Section 3730(h) protects employees from retaliation for "lawful acts done . . . in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. § 3730(h)(1). "A protected activity is one motivated by a concern regarding fraud against the government." *Thomas v. ITT Educational Servs., Inc.*, 517 F. App'x 259, 262 (5th Cir. 2013). An employee must have "taken steps" towards the exposure of the false claims, such as investigating or complaining about fraud. *United States ex rel. Gray v. Lockheed Martin Corp.*, 2010 WL 672017, at *3 (E.D. La. Feb. 19, 2010) ("*Gray*"). "[E]xpress[ing] concerns about possible fraud to their employers," for example to a supervisor, is a step in furtherance of uncovering fraud, and thus protected under the FCA. *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994); *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 741 n. 9 (D.C. Cir. 1998) ("[I]nternal reporting of false claims is itself an example of a protected activity.").

"For internal complaints to constitute protected activity in furtherance of a *qui tam* action, the complaints must concern false or fraudulent claims for payment submitted to the government." *Patton*, 418 F. App'x at 372 (internal quotation marks omitted). A plaintiff cannot state a claim for retaliatory discharge without showing that he "characterized his concerns as involving illegal, unlawful, or false-claims investigations." *Sealed Appellant I v. Sealed Appellee I*, 156 F. App'x 630, 635 (5th Cir. 2005).

"[A] well-pleaded retaliation complaint need not allege that the defendant submitted a false claim." *Graham Cnty.*, 545 U.S. at 416; *see also Robertson*, 32 F.3d at 951. Indeed, an employee need not have even "discovered a completed case" by the time the retaliation takes place. *Yesudian*, 153 F.3d at 740. "Congress' intent [was] to protect employees while they are collecting information about a possible fraud, before they have put all the pieces of the puzzle together." *Id.* Thus, § 3730(h) still protects an employee even if "the target of an investigation or action to be filed was innocent." *Graham Cnty.*, 545 U.S. at 416.

Here, Plaintiff alleges that in August of 2019, "[Defendant] Employer AM Hospice Supervisor Norma Rodriguez receive[d Plaintiff's] report that her audit of [Defendant]'s patients reveal[ed] that [Defendant] [was] admitting patients who do not qualify for hospice care, and then fraudulently billing Medicare for the admitted patients who d[id] not qualify." (ECF No.1:2.)

Taking these alleged facts as true,[2] the Court finds that Plaintiff's "internal reporting of false claims" through her audit report to her supervisor Norma Rodriguez constituted "a protected activity." *Yesudian*, 153 F.3d at 741, n.9. Because Plaintiff "characterized [her] concerns [to Defendant] as involving illegal, unlawful, or false-claims investigations," specifically fraudulent Medicare billings, Plaintiff's alleged actions constituted protected activity under the retaliation provision of the FCA. *Sealed Appellant I*, 156 F. App'x at 635.

### ii. Employer knowledge

To state a claim for retaliation under the FCA, Plaintiff must show that Defendant knew Plaintiff was engaged in a protected activity. *Patton*, 418 F. App'x at 371-72; *Robertson*, 32 F.3d at 951. "It is insufficient for the relator to show that the employer knew that the whistleblower had concerns about compliance with the law; she must show that the employer was on notice of

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

the distinct possibility of *qui tam* litigation." *United States ex rel. Gonzales v. Fresnius Med. Care N. Am.*, 748 F. Supp. 2d 95, 104 (W.D. Tex. 2010) (citing *Sealed Appellant I*, 156 F. App'x at 630; *Gray*, 2010 WL 672017, at *4.)  Similar to the protected activity analysis, courts decide whether an employer was on notice of possible *qui tam* litigation by analyzing whether the employee characterized his or her complaints in terms of fraud or illegality.  *See Robertson*, 32 F.3d at 952. "An employee may put her employer on notice of possible False Claims Act litigation by making internal reports that alert the employer to fraudulent or illegal conduct."  *United States ex rel. Sanchez v. Lymphatx*, 596 F.3d 1300, 1304; *see also Eberhardt*, 167 F.3d at 868-69 & n.2 (stating that once an employee expresses concerns about the likelihood of fraud to an employer, the notice requirement is met).

Here, taking the facts alleged in the complaint as true,[3] Plaintiff gave her report alleging Medicare fraud to "Employer AM Hospice Supervisor Norma Rodriguez."  (ECF No. 1:2.)  As "making internal reports that alert the employer to fraudulent or illegal conduct" suffices to "put her employer on notice of possible False Claims Act litigation," the Court finds that Plaintiff's report to Supervisor Rodriguez satisfies the employer notice requirement.  *Sanchez*, 596 F.3d at 1304.

The Court finds that Plaintiff has established a prima facie case under the FCA's retaliation provision and therefore recommends that Defendant's motion to dismiss for failure to state a claim be DENIED.

### c. Attorney's fees

In her Response, Plaintiff asks that the Court award her attorney's fees pursuant to 28 U.S.C. § 1927.  (ECF No. 6:9-10.)  Defendant has filed no Reply.

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court may impose sanctions as attorney's fees and costs against "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. §1927. Proving vexatious and unreasonable behavior requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1992).

Sanctions under Section 1927 are "punitive in nature and require clear and convincing evidence that sanctions are justified." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (internal quotation marks omitted). Section 1927 is construed strictly and in favor of the sanctioned party. *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526; *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994).

Plaintiff also cites to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires that an attorney filing a paper with the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b) and (b)(2).

"[A] trial court should not impose Rule 11 sanctions for advocacy of a plausible legal theory, particularly where . . . the law is arguably unclear." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993). "An attorney's conduct is judged . . . with an objective, not a subjective, standard of reasonableness." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016).

In *FDIC v. Calhoun*, the Fifth Circuit wrote:

> In assessing an attorney's legal claims, this court has held that he need not provide an absolute guarantee of the correctness of the legal theory advanced in the papers he files. [Citation.] Rather, the attorney must certify that he has conducted reasonable inquiry into

the relevant law. [Citation.] Then, regardless of whether the attorney's view of the law is erroneous, sanctions can be imposed only if his position can fairly be said to be unreasonable from the point of view of both existing law and its possible extension, modification, or reversal.

34 F.3d 1291, 1296 (5th Cir. 1994) (internal quotation marks omitted).

The Court notes again that the question of whether the Rule 8 or Rule 9 pleading standard applies to retaliation claims under the FCA has not been addressed by the 5th Circuit. As discussed above, other Circuit Courts have addressed the issue, as have district courts within our Circuit. Nevertheless, as the question has yet to be resolved by our Circuit Court, this Court finds that Defendant's arguments in his motion to dismiss cannot be said to be "unreasonable from the point of view of both existing law and [especially] its possible extension, modification, or reversal." *Calhoun*, 34 F.3d at 1296. Nor has Plaintiff proved that Defendant acted in "reckless disregard of the duty owed to the court." *Edwards*, 153 F.3d at 246. Therefore, the Court recommends that Plaintiff's claim for attorney's fees raised in her Response be DENIED.

## Conclusion

It is the **RECOMMENDATION** of this Court that Defendant's Motion to Dismiss be **DENIED**. It is the further **RECOMMENDATION** of this Court that Plaintiff's claim for attorney's fees be **DENIED**.

**SIGNED** this 15th day of May, 2020.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**